14245

BOGAN v. SOUTHERN RAILWAY COMPANY *ET AL.*

(184 S. E., 143)

Mr. H. P. Burbage, for appellant,

*Messrs. Blythe & Bonham* and *Frank G. Tompkins,* for respondents,

March 3, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

Damages are sought in this case for the alleged wrongful death of one Charlie Bogan, who was killed by a passenger train of the defendants at Greer, S. C., on March 17, 1934. The action was brought under the Lord Campbell's Act (Code 1932, § 411) for the benefit of the plaintiff, the widow of the deceased, and of his daughter, Maybelle Bogan. On trial, the defendants moved for a nonsuit upon the grounds (1) that there was no evidence of actionable negligence or willfulness on their part; and (2) that the testimony was susceptible of no other inference than that the death of the deceased was brought about by his own negligence and recklessness or by his gross contributory negligence and willfulness. From the Court's order granting the motion, this appeal is taken.

Between the Town of Greer and the City of Spartanburg the respondent's line of railroad runs approximately east and west, and is paralleled, just outside of the town limits of Greer, by a paved highway on which is located a café nearly opposite the point where the deceased was struck and about 85 feet therefrom. On a side track leading from one of the main lines in the direction of Spartanburg were parked at the time, across from the café, several box cars. On the other side of the railroad is the Victor Mill village, from which numerous paths, or traveled ways, which had been used by the public for perhaps 40 years, come down to the tracks and over to the paved highway, one of these crossing near the point where the box cars were standing. There were two public crossings, one about 2,000 feet east and the other about 365 feet west of the place where the accident occurred.

The question presented for decision is whether the nonsuit was properly granted for any of the reasons stated. The testimony, which must be considered most favorably to the plaintiff, discloses that the deceased "could not see well" and was "hard of hearing." On the night of the accident, which occurred about 12:30 a. m., in company with one Oscar Brown, he was at the café mentioned above; and the trial Judge observed, in disposing of the motion, that the evidence showed beyond a reasonable doubt that he was drunk. The appellant complains of this, contending that it was a question under the evidence for the jury. We do not think, however, that it is so material as to require special notice. While it is true that some of the witnesses did testify that the deceased was drunk at the café or that he had all that a man could carry, the owner of the restaurant stated—and the appellant relies upon this to sustain her position—that Bogan was not out of the way, but that you could tell he had had a drink. Accepting this statement as true, we must necessarily conclude that the deceased was drinking on the night in question. The testimony further discloses that after Bogan had been at the café about fifteen or twenty minutes, several officers arrived on the ground, and that he then left the restaurant, accompanied by Brown, and went across the paved highway and at a somewhat hurried pace along the traveled path by the box cars to the nearer of the defendant's main tracks, where he was fatally injured.

It is conceded that Bogan was a licensee and not a trespasser, and that there was evidence that the bell was not ringing or the whistle blowing at the time he was injured. The testimony also shows that the speed of the train at the time of its approach to the point of accident was about 35 or 40 miles per hour. The appellant contends that this evidence was sufficent to take the case to the jury on the question of defendant's negligence, namely, in approaching at a high rate of speed a thickly settled community and a much-traveled way, without giving any sig-

nals, as the ringing of the bell or the blowing of the whistle, of such approach. While it is clear that the traveled path here shown was not such a crossing as where the railroad company was required to give the statutory signals, the company was required, for the protection and safety of the public, to exercise due care in the circumstances, which would include the giving of signals if that should be necessary. The Circuit Judge, under the facts and circumstances disclosed by the testimony, held that there was no actionable negligence shown, especially in view of the testimony, or the reasonable inference therefrom, that the deceased was on the track for only a brief moment, if at all, before he was struck, and that it was not possible for the engineer to have seen him in time to have stopped the train and thereby prevented the injury and resulting death.

Even if Judge Featherstone was wrong, as appellant argues, in holding that the evidence did not show negligence on the part of the defendants in failing to exercise due care in the circumstances, a reading of the testimony leaves no doubt that the deceased was guilty of gross contributory negligence and recklessness.

No one of the several witnesses who were at the café that night could recall having seen Bogan after he reached the box cars on the side track, some 15 or 20 feet from the main line where he was injured, and could give no account, therefore, of how the collision actually occurred. Two witnesses, however, Dill and Littlefield, who were not at the café, testified that they saw the accident. Dill stated that he and Littlefield were walking on the railroad track opposite the one on which Bogan was struck; that he saw the headlight of the approaching train about a quarter of a mile away, and saw the man come out of the café and walk briskly toward the railroad; that the man reached the end of the box cars on the side track, when the train was but a short distance away, and went upon the main line, apparently without looking in the direction of the train, and was instantly struck. Littlefield stated that he was with Dill and saw Bogan when

the train hit him; that he never saw him on the track, but that the deceased and the train met at the point where they collided and appeared to run into each other. The following was also clearly established: To the left of the deceased, as he approached the main line, there were no obstructions; the railroad track was straight for a long distance in the direction from which the train was approaching, the headlight was burning brightly, and the train was seen by witnesses, as testified to, for at least 500 or 1,000 feet away.

It is unquestionably true, in these circumstances, that if the deceased had looked, as it was his duty to do, when he reached the box cars, only a short distance from the main line where he was struck, he would have seen the approaching train. It is suggested that in his hurry to put the railroad between him and the officers, he merely neglected to do so; or that he was too intoxicated at the time to be careful of his own safety. Whatever the cause, about which there is some ground for difference of opinion, the fact is that the only conclusion to be drawn from the evidence is that the deceased failed to exercise the least care for his own safety, but negligently and recklessly went upon the track, in the face of easily discovered danger, and thereby lost his life. A nonsuit was, therefore, proper on the ground of Bogan's gross contributory negligence and recklessness, which precluded recovery by the plaintiff.

*Chisolm v. Seaboard Air Line Railway,* 121 S. C., 394, 114 S. E., 500, gives no aid or comfort to the appellant, as the facts of that case easily differentiate it from the case at bar. The same may be said of *Leppard v. Southern Railway Company,* 174 S. C., 237, 177 S. E., 129, cited and relied on.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Messrs. Justices Carter, Baker and Fishburne concur.

Mr. Justice Bonham did not participate.