14973

HOWELL v. SOUTHERN R. CO.

(5 S. E. (2d), 860)

December, 1938.

*Messrs. Harold C. Seigler* and *D. Lee Churchwell* for appellant,

*Messrs. Frank G. Tompkins* and *Steve C. Griffith* for respondent,

December 4, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is an action for damages for personal injuries received by the plaintiff at one of the defendant's crossings in the town of Batesburg, South Carolina. It was alleged that his injury, the loss of his right foot, was due to the negligent and willful acts of the company in the operation of one of its trains and in its construction and maintenance of the crossing.

At the proper stage of the trial, the defendant moved for a directed verdict on the ground that the only reasonable inference to be drawn from the testimony was that plaintiff was guilty of gross contributory negligence and contributory willfulness. At the suggestion of the presiding Judge, counsel agreed that the decision of the motion be deferred until after the jury had acted in the matter; and upon the plaintiff being given a verdict by that tribunal, it was further agreed that the decision be postponed until the Court could be furnished with a report of the evidence. The motion, therefore, was heard later by Judge Oxner, who directed a verdict for the defendant; and the only question presented by this appeal is whether he was right in doing so.

In his order, after summarizing the pertinent testimony offered by appellant, the trial Judge gives the following reasons for his conclusion, namely, that a directed verdict for the company was proper:

"In considering the evidence most favorable to the plaintiff, as the Court is required to do in passing upon a motion for directed verdict, the conclusion inevitably results that the plaintiff was guilty of gross contributory negligence. Considering plaintiff's testimony alone, there are only two reasonable inferences to be drawn therefrom. One is that as plaintiff approached the crossing, within a clear view cf the approaching train, that he wholly failed to look or listen before going upon that crossing. If this be true, in going upon the crossing without looking, under the circumstances here disclosed, he was guilty of gross contributory negligence as a matter of law. *Hicks v. Atlantic Coast Line*

*Railway Co.*, 187 S. C., 301; 197 S. E., 819; *Robinson v. Atlantic Coast Line Railway Co.*, 179 S. C., 403; 184 S. E., 96; *Bogan v. Southern Railway Co.*, 179 S. C., 394; 184 S. E., 143. The only other reasonable inference to be drawn from the testimony is that plaintiff, as he approached the crossing, saw the train immediately approaching before going upon the track, and took the risk of beating it across by jumping. It is equally as well settled in this State that when one undertakes to go over a crossing in front of an immediately approaching train, he is guilty of gross contributory negligence as a matter of law. *Drawdy v. Atlantic Coast Line Railway Co.*, 78 S. C., 374; 58 S. E., 980; *Griskell v. Southern Railway Co.*, 81 S. C., 193; 62 S. E., 205."

The appellant testified that he was an expert painter and was on his way home from Washington, D. C., to Macon, Georgia, and as he was without funds, he was making the trip by catching rides in automobiles; that he was in Batesburg on July 5, 1936, where he was a stranger, and that he spent the night there; that about 8 o'clock the next morning, desiring to continue his journey, he made inquiry thereabout at a service station and was told to go over to another highway, as his chances would be better to catch a ride there in view of the heavier traffic; that he did this, but having no success, it was suggested that he go back to the first highway, which he did; that at the service station, he was advised to return to the other highway, and that, as he was going up Peachtree Street, which the railroad crosses, he approached the crossing behind a wagon drawn by a team of mules, which "seemed to be scared", and that the unusual racket made attracted his attention; that some one "hollered" from behind him, "Look out, there's a train", and that he then "looked up and down the tracks" for the first time; that seeing the team going on over, he also tried to get to the other side, as "I thought that if the wagon and mules could get across I could, too". He stated on direct examination that he presumed that he was on the track at the

time the "fellow hollered," but on cross examination said that "when the man hollered" the witness was "right up close to the tracks"; that when he saw the danger, he made a jump and tried to clear himself, but that his foot was caught, either in a hole in the pavement or on the second rail, from which he could not extricate it in time to save its being amputated by the train. He also testified that he did not know that the railroad was there, and that no crossing signal was given by the defendant. There was undisputed testimony to the effect that a person at the crossing could see more than one-half of a mile down the railroad track in the direction from which the train was approaching. There was also evidence that the train was running at a rate of speed in violation of the town ordinance.

While the question of contributory negligence is generally one for the jury as was said in *Robinson v. Atlantic Coast Line R. Co.,* 179 S. C., 493; 184 S. E., 96, 99, its determination "must necessarily be controlled by the facts and circumstances of the particular case." As to the duty of one about to cross a railroad track at a public highway or street crossing, see *Ford v. Atlantic Coast Line R. Co.,* 169 S. C., 41; 168 S. E., 143, and cases there cited.

Under the facts disclosed by the evidence in the case at bar, a directed verdict was proper. The appellant, according to his own testimony, after being warned by some one behind him that the train was nearing the crossing, disregarded such warning and attempted to cross the track in front of the nearby oncoming train, because he thought, as he says, he could get across if the mules and wagon could. In doing so, he failed to exercise the least care for his own safety. His gross contributory negligence, therefore, as held by the trial Judge, precluded recovery for his injuries:

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISH-BURNE concur.